# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Covenant Weddings LLC** and **Kristi Stokes,**<br><br>    Plaintiffs,<br>v.<br><br>**Cuyahoga County,**<br><br>    Defendant. | Case No. 1:20-cv-01622 _____<br><br>**Plaintiffs' Preliminary Injunction Motion**<br><br>Oral Argument Requested |

## Motion

Based on Federal Rule of Civil Procedure 65, Plaintiffs Covenant Weddings LLC, and Kristi Stokes (collectively "Kristi") request a preliminary injunction to stop Defendant Cuyahoga County from enforcing Cuyahoga County Code § 1501.02(C) ("the Accommodations Clause") as applied to Kristi's constitutionally protected activities.

Scope of injunction and persons bound

  Kristi asks that the preliminary injunction enjoin Cuyahoga County, its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with Cuyahoga County, who receive actual notice of this motion, from taking the following actions:

1. Applying the Accommodations Clause to force Kristi to offer or provide her officiating services for same-sex weddings or for weddings between persons who identify or present contrary to their biological sex.

2. Applying the Accommodations Clause to force Kristi to offer or provide her composition services for same-sex weddings or for weddings

1

      between persons who identify or present contrary to their biological sex.

3. Applying the Accommodations Clause to prevent Kristi from maintaining a policy or practice of exclusively offering her officiating and composition services to celebrate opposite-sex weddings between individuals who identify consistent with their biological sex.

4. Applying the Accommodations Clause to prevent Kristi from posting her desired statement (Ver. Compl. Ex. 1) on her website and from making materially similar statements on her business' website, social media sites, or directly to prospective clients.

5. Applying the Accommodations Clause to prevent Kristi from asking prospective clients and other inquirers whether they seek her officiating or her composition services for same-sex weddings or for weddings between persons who identify or present contrary to their biological sex or from asking materially similar questions.

Reasons for injunction

      Absent a preliminary injunction, Kristi will suffer irreparable harm because of the continued and ongoing violation of her First Amendment rights. Specifically, the challenged law currently forces Kristi to offer officiating and composition services that promote messages against her beliefs, stops her from adopting a policy to exclusively offer wedding services consistent with her beliefs, stops her from posting certain statements and asking clients certain questions, and stops her from operating, promoting, and expanding her business consistent with her beliefs. *See* Compl. ¶¶ 219–31, 236–65.

In support of her motion, Kristi relies on any filed pleadings, including:

- The Verified Complaint and the attached exhibit;

- Plaintiffs' Brief in Support of Their Motion for Preliminary Injunction;

- Appendix to Plaintiffs' Motion for Preliminary Injunction;

- Kristi Stokes' Declaration in Support of Plaintiffs' Motion for Preliminary Injunction;

- Plaintiffs' Reply in Support of Their Motion for Preliminary Injunction (when filed) and supporting documents.

Kristi also asks that the Court hear oral argument in support of her motion at a time and date set by the Court.

Security

Kristi also asks this Court to waive any bond because the requested injunction serves the public interest by vindicating her rights under the First Amendment. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (citing *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978)) (upholding district court's decision to waive bond requirement given the strength of movant's arguments and the public interest involved).

Respectfully submitted this 22nd day of July, 2020.

Jonathan A. Scruggs
AZ Bar No. 030505*
Katherine L. Anderson
AZ Bar No. 033104*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)

*s/ Matthew J. Burkhart*
Matthew J. Burkhart
OH Bar No. 0068299
Gallagher Kavinsky & Burkhart LPA
8740 Orion Place, Suite 200
Columbus, OH 43240-4063
(614) 885-9022
(614) 885-9024 (facsimile)
mjb@gkb-law.com

3

jscruggs@ADFflegal.org
kanderson@ADFlegal.org

David A. Cortman
GA Bar No. 188810*
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (facsimile)
dcortman@ADFlegal.org

Johannes S. Widmalm-Delphonse
MN Bar No. 396303*
Alliance Defending Freedom
20116 Ashbrook Place, Suite 258
Ashburn, VA 20147
(571) 707-4655
(571) 707-4656 (facsimile)
jwidmalmdelphonse@ADFlegal.org

ATTORNEYS FOR PLAINTIFFS

*Motions for *Pro Hac Vice* Admission filed concurrently

4


jscruggs@ADFflegal.org
kanderson@ADFlegal.org

David A. Cortman
GA Bar No. 188810*
Alliance Defending Freedom
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (facsimile)
dcortman@ADFlegal.org

Johannes S. Widmalm-Delphonse
MN Bar No. 396303*
Alliance Defending Freedom
20116 Ashbrook Place, Suite 258
Ashburn, VA 20147
(571) 707-4655
(571) 707-4656 (facsimile)
jwidmalmdelphonse@ADFlegal.org

ATTORNEYS FOR PLAINTIFFS

*Motions for *Pro Hac Vice* Admission filed concurrently

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing motion will be served on the Defendant by process server with the Summons and Complaint.

<u>*s/ Matthew J. Burkhart*</u>
Matthew J. Burkhart