# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **COVENANT WEDDINGS LLC** | ) | CASE NO. 1:20-cv-01622 |
| | ) | |
| and | ) | |
| | ) | |
| **KRISTI STOKES,** | ) | |
| | ) | |
| Plaintiffs, | ) | **JUDGE JAMES GWIN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CUYAHOGA COUNTY,** | ) | **(Jury demand endorsed hereon)** |
| | ) | |
| Defendant. | ) | |

___

### ANSWER AND DEFENSES OF DEFENDANT CUYAHOGA COUNTY
### TO PLAINTIFFS' COMPLAINT
___

Defendant Cuyahoga County submits the following answers and defenses to Plaintiffs Covenant Weddings LLC and Kristi Stokes' Complaint ("Complaint"):

## INTRODUCTION

1. Defendant states that the allegations contained in Introduction assert legal conclusions for which no response is required. Defendant further states that Cuyahoga County Code § 1501.02 speaks for itself and denies Plaintiffs' interpretation thereof. Additionally, the introduction fails to state facts that cannot be confirmed. Defendant denies the remaining allegations for want of knowledge.

1

## JURISDICTION AND VENUE

2. Defendant states that the allegations contained in paragraphs 1, 2, 3, 4, and 5 call for legal conclusions for which no response is required. To the extent said paragraphs state factual allegations they are denied for want of knowledge.

## PLAINTIFFS

3. Defendant is without knowledge sufficient to form a belief as to the truth of the matters asserted in paragraphs 6, 7, 8, and 9.

## DEFENDANT

4. In response to paragraph 10 of the Complaint, Defendant denies that it is a municipal corporation authorized under Ohio law. Defendant further states that the remaining allegations call for legal conclusions. To the extent Plaintiffs mischaracterize the cited statutes, County Charter, or County Code provisions, said allegations are denied. Defendant denies the remaining allegations contained in paragraph 10 for want of knowledge.

## FACTUAL BACKGROUND

5. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 through 212; therefore, said allegations are denied.

6. In response to paragraphs 213, 214, and 215 Defendant states that Cuyahoga County Code § 1501.01 speaks for itself; therefore, Defendant denies any mischaracterization of the statute made in the Complaint. Defendant denies the remaining allegations paragraphs 213, 214, and 215 for want of knowledge.

7. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 216 and 217; therefore, said allegations are denied.

8. In response to the allegations contained in paragraph 218, Defendant states that the allegations contained in paragraph 218 call for legal conclusions for which no response is required. Defendant further denies that either Plaintiff is a place of public accommodation. Defendant denies the remaining allegations contained in paragraph 218 for want of knowledge

9. Defendant states that Cuyahoga County Code § 1501.02(C) (the "Accommodations Clause") speaks for itself and Defendant denies any mischaracterization of the Code as set forth in paragraph 219 of the Complaint. Defendant denies the remaining allegations contained in paragraph 219 for want of knowledge.

10. Defendant states that the allegations contained in paragraphs 220 through 235 call for legal conclusions for which no response is required. To the extent Plaintiffs misconstrue the subject Cuyahoga County Code provisions, the County denies the allegations. Defendant denies the remaining allegations contained in paragraphs 220 through 235 of the Complaint.

11. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 236 through 242 of the Complaint; therefore, said allegations are denied.

12. Defendant states that the allegations contained in paragraphs 243, 244, and 245 call for legal conclusions for which no response is required. Defendant denies the remaining allegations in paragraphs 243, 244, and 245 to the extent they state factual allegations.

13. In response to paragraph 246, Defendant is without knowledge as to whether Plaintiff Kristi Stokes has any religious beliefs other than what is represented in the Complaint. Defendant further states that the allegations contained in paragraph 246 call for legal conclusions for which no response is required. Defendant denies the remaining allegations contained in paragraph 246 of the Complaint.

14. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 247; therefore, said allegations are denied.

15. Defendant states that the allegations contained in paragraph 248 call for legal conclusions for which no response is required. Defendant denies the remaining allegations contained in paragraph 248 for want of knowledge.

16. Defendant is without knowledge sufficient to form belief as to the truth of the allegations contained in paragraph 249 concerning what Plaintiff Kristi Stokes would like to do with her business; therefore, said allegations are denied. Defendant further states that paragraph 249 calls for a legal conclusion for which no response is required. Defendant denies the remaining allegations contained in paragraph 249 for want of knowledge.

17. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 250 through 256; therefore, said allegations are denied.

18. Defendant states that the allegations contained in paragraph 257 call for legal conclusions for which no response is required. Defendant denies the remaining allegations contained in paragraph 257.

19. In response to the allegations contained in paragraph 258, Defendant states that Exhibit 1 speaks for itself, but denies for want of knowledge what, if anything, Plaintiffs' plan to do with Exhibit 1.

20. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 259 and 260; therefore, said allegations are denied.

21. Defendant states that the allegations contained in paragraphs 261 and 262 call for legal conclusions for which no response is required. Defendant denies the remaining allegations contained in paragraphs 261 and 262.

22. Defendant states that the allegations contained in paragraphs 263 through 267 call for legal conclusions for which no response is required. Defendant denies the remaining allegations contained in paragraphs 263 through 267 for want of knowledge.

23. In response to paragraph 268, Defendant states that the United States Census Bureau, Ohio statistics speak for themselves and are denied to the extent Plaintiffs misrepresent those statistics or attempt to infer from those statistics something that cannot be substantiated.

24. In response to paragraph 269, Defendant is without knowledge to form a belief as to the truth of the matters asserted in said paragraph; therefore, said allegations are denied.

25. Defendant admits the allegations contained in paragraph 270.

26. In response to paragraphs 271 and 272, Defendant states that Cuyahoga County Code § 206.13 speaks for itself; therefore, Defendant denies the allegations in paragraphs 271 and 272 to the extent Plaintiffs misconstrue Cuyahoga County Code § 206.13.

27. In response to paragraph 273, Defendant admits that the County Executive appointed commissioners in 2019.

28. Defendant states that Cuyahoga County Code § 206.13 speaks for itself; therefore, Defendant denies the allegations in paragraphs 274 and 275 to the extent Plaintiffs misconstrue Cuyahoga County Code § 206.13.

29. Defendant states that Cuyahoga County Code § 1501.03 speaks for itself; therefore, Defendant denies the allegations in paragraph 276 to the extent Plaintiffs misconstrue Cuyahoga County Code § 1501.03.

30. Defendant states that Cuyahoga County Code § 1501.01 speaks for itself; therefore, Defendant denies the allegations in paragraph 277 to the extent Plaintiffs misconstrue Cuyahoga County Code § 206.13.

31. Defendant states that paragraph 278 calls for a legal conclusion for which no response is required. Defendant denies the remaining allegations contained in paragraph 278 for want of knowledge.

32. Defendant states that Cuyahoga County Code § 1501.04 speaks for itself; therefore, Defendant denies the allegations in paragraph 279 to the extent Plaintiffs misconstrue § 1501.04.

33. Defendant states that Cuyahoga County Code § 1501.03 speaks for itself; therefore, Defendant denies the allegations in paragraphs 280 through 283 to the extent Plaintiffs misconstrue § 1501.03.

34. Defendant states that Cuyahoga County Code § 206.13(I)(2) speaks for itself; therefore, Defendant denies the allegations in paragraphs 284 through 286 to the extent Plaintiffs misconstrue § 206.13.

35. In response to the allegations contained in paragraphs 287 and 288, Defendant states that they call for speculation; therefore, Defendant denies the allegations for want of knowledge.

36. Defendant states that Cuyahoga County Code § 1501.03 speaks for itself; therefore, Defendant denies the allegations in paragraphs 289 and 290 to the extent Plaintiffs misconstrue §1501.03.

37. Defendant states that Cuyahoga County Code § 1501.04 speaks for itself; therefore, Defendant denies the allegations in paragraphs 291 through 295 to the extent Plaintiffs misconstrue § 1501.04.

38. Defendant states that Cuyahoga County Code § 1501.04 and § 1501.05 speak for itself; therefore, Defendant denies the allegations in paragraph 296 to the extent Plaintiffs misconstrue § 1501.04 and § 1501.05.

39. Defendant states that Cuyahoga County Code § 1501.05 speaks for itself; therefore, Defendant denies the allegations in paragraph 297 to the extent Plaintiffs misconstrue § 1501.05.

40. In response to the allegations contained in paragraphs 298 through 301, Defendant is without knowledge sufficient to form a belief as to the truth of the matters asserted in paragraphs 298 through 301; therefore, said allegations are denied.

41. Defendant states that the allegations contained paragraphs 302 and 303 call for a legal conclusion. Defendant denies the remaining allegations contained in paragraphs 302 and 303.

42. Defendant is without knowledge sufficient to form belief as to the truth of the matters asserted in paragraphs 304 through 311; therefore, said allegations are denied.

43. Defendant states that the allegations contained in paragraph 312 call for a legal conclusion. Defendant denies the remaining allegations contained in paragraph 312.

44. Defendant denies the allegations contained in paragraph 313.

45. Defendant is without knowledge sufficient to form a belief as to the truth of the matters asserted in paragraphs 314 and 315; therefore, said allegations are denied.

46. Defendant denies the allegations contained in paragraph 316.

## LEGAL ALLEGATIONS

47. Defendant denies the allegations contained in paragraph 317 through 321.

## FIRST CAUSE OF ACTION

48. In response to the allegations contained in paragraph 322, Defendant incorporates their responses to paragraphs 1-321 of the Complaint.

49. In response to the allegations contained in paragraphs 323 through 325 they call for legal conclusions to which no response is required. Defendant is without knowledge as to the truth of the remaining allegations contained in paragraphs 323 through 325.

50.     Defendant denies the allegations contained in paragraphs 326 through 333.

## SECOND CAUSE OF ACTION

51.     In response to the allegations contained in paragraph 334, Defendant incorporates their responses to paragraphs 1-333 of Plaintiffs' Complaint.

52.     In response to the allegations contained in paragraphs 335 through 337 call for legal conclusions for which no response is required. Defendant denies the remaining allegations for want of knowledge.

53.     Defendant states that the allegations contained in paragraphs 338 through 345 call for legal conclusions to which no response is required. Defendant denies the remaining allegations contained in paragraphs 338 through 345.

## THIRD CAUSE OF ACTION

54.     In response to the allegations contained in paragraph 346, Defendant incorporates their responses to paragraphs 1-345 of Plaintiffs' Complaint.

55.     Defendant states that the allegations contained in paragraph 347 call for a legal conclusion to which no response is required. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 347.

56.     Defendant states that the allegations contained in paragraphs 348 to 351 call for legal conclusions to which no response is required. Defendant denies the remaining allegations contained in paragraphs 348-351.

## FOURTH CAUSE OF ACTION

57.     In response to the allegations contained in paragraph 352, Defendant incorporates their response to paragraphs 1 through 351 of Plaintiffs' Complaint.

58.     Defendant states that the allegations contained in paragraphs 353 and 354 call for legal conclusions to which no response is required. Defendant denies the remaining allegations contained in paragraphs 353 and 354 for want of knowledge.

59.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 355; therefore, said allegations are denied.

60.     Defendant states that the allegations contained in paragraphs 356 through 360 call for legal conclusions to which no response is required. Defendant denies the remaining allegations contained in paragraphs 356 through 360.

61.     To the extent not specifically denied in response to paragraphs 1-360, said allegations are denied.

62.     To the extent any headings are deemed factual allegations, they are denied.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiffs fail to state a claim upon which relief may be granted.

2.     Plaintiffs lack standing under Article III of the United States Constitution as Plaintiffs fail to meet the injury-in-fact requirement for an action, the case is not ripe, and the threat of enforcement of that challenged law is not sufficiently imminent.

3.     Plaintiffs do not have an actual case or controversy and their situation is hypothetical and conjectural and speculative rather than an imminent injury in fact or real or imminent and therefore Plaintiffs have no claims or standing in this action.

4.     The Court should exercise its equitable discretion to decline review of Plaintiffs' claims, which are not justiciable or ripe.

5.     With respect to Plaintiffs' claims for injunctive or declaratory relief, Plaintiffs do not have a real and immediate threat of future injury or sufficient likelihood that they will be

affected by the alleged unlawful conduct and therefore Plaintiffs cannot establish irreparable harm or injury in fact as required for the issuance of injunctive or declaratory relief.

6. Plaintiffs do not have standing to litigate any claims under 42 U.S.C. § 1983 et al. or other alleged constitutional claims as Plaintiffs have not incurred a direct or immediate injury resulting from the violation of a constitutional right designed to protect them, or any one of them.

7. Plaintiffs cannot satisfy the requirements for injunctive relief.

8. Plaintiffs are not entitled to reasonable attorneys' fees or costs or expenses in accordance with 42 U.S.C. § 1988.

9. Plaintiffs have not suffered any damages that would entitle them to an award of compensatory damages and Defendant has sovereign immunity.

10. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 and § 2202 this Court should decline to assume jurisdiction in this case requesting declaratory relief or otherwise decline to exercise its discretion in avoiding and/or declining a decision for the requested relief.

11. As Covenant Weddings, LLC is a limited liability company Plaintiff Stokes personally does not have standing in this action and is not a proper Plaintiff.

12. The alleged injuries and damages may be the direct and proximate result of the acts or omissions of Plaintiffs.

13. Defendant is entitled to all immunities afforded under federal and state law, including, but not limited to absolute immunity, qualified immunity, legislative immunity, and immunity under R.C. 2744.0, et seq.

14. Defendant reserves the right to amend their Answer to assert additional affirmative defenses that may arise during this litigation.

Having fully answered Plaintiffs' Complaint, Defendant respectfully requests that the Court dismiss all the claims alleged against them, with prejudice, and enter a final judgment in their favor. Defendant further requests that the Court award all costs and attorney fees incurred by them pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

> Respectfully submitted,
>
> MICHAEL C. O'MALLEY, Prosecuting Attorney
> of Cuyahoga County, Ohio
>
> By: /s/ Brendan D. Healy
>     Brendan D. Healy (0081225)
>     Phone: (216) 698-6447
>     Janeane R. Cappara (0072031)
>     Phone: (216) 698-2224
>     CUYAHOGA COUNTY PROSECUTOR'S OFFICE
>     The Justice Center, Courts Tower
>     1200 Ontario Street, 8th Floor
>     Cleveland, OH  44113
>     Fax: (216) 443-7602
>     bhealy@prosecutor.cuyahogacounty.us
>     jcappara@prosecutor.cuyahogacounty.us
>
> *Attorneys for Cuyahoga County*

## **JURY DEMAND**

Defendant Cuyahoga County demands a trial by jury by the maximum number of jurors permitted by law for each claim and cause of action in the Complaint.

> /s/ Brendan D. Healy
> Brendan D. Healy (0081225)